**JAMES L. BERG**
1059 Stoughton Avenue
Chaska, MN  55318
952-448-2200
952-448-7187 (fax)
MN Atty. ID No. 0139105

**Attorney for Plaintiffs REBECCA CWICK AND THOMAS LEE CWICK**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Rebecca Cwick and Thomas Lee Cwick, | ) |
| | ) Case No. 04-2731 PAM/RLE |
| Plaintiffs, | ) |
| | ) **COMPLAINT FOR DAMAGES** |
| vs. | ) **AND EQUITABLE RELIEF** |
| | ) (pursuant to Racketeer Influenced |
| Life Time Fitness, Inc., | ) and Corrupt Organizations Act of |
| FCA Construction Holdings, LLC, | ) 1970 "RICO", 18 U.S.C.S. §1961 |
| Jeff Marek, Steven Rowland, | ) et seq.) 1. 18 U.S.C.S. § 1962 (c) |
| Chuck Loesch and Don Enger | ) 2. Arizona 13-2314.04 |
| | ) 3. 42 U.S.C.S. §1985 |
| Defendants. | ) |

Plaintiffs Rebecca Cwick and Thomas Lee Cwick, allege and complain against defendants, and each and every one of them, as follows:

### INTRODUCTION

1. This is an action brought pursuant to the provisions of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), Title 18 U.S.C. §§ 1961, et seq., by plaintiffs, against defendants Life Time Fitness, Inc., FCA Construction Holdings, LLC., Jeff Marek, Steven Rowland, Chuck Loesch and Don Enger. A second separate action is brought pursuant to the Arizona RICO, Statute Section 13-2314.04. A third separate action is brought pursuant to 42 USCS 1985 alleging that Defendants conspired to interfere with Plaintiff Rebecca Cwick's civil rights.

2. Plaintiffs seek damages and injunctive and other appropriate relief for defendants' violations as alleged more fully below.

3. Defendants conspired through a series of illegal acts to protect Jeff Marek from a felony criminal sexual conduct charge in Phoenix, Arizona, for allegedly forcing Plaintiff Rebecca Cwick into an oral sex act. Defendants attempted to coerce and/or extort the victim of the sex crime and her husband into not reporting and then withdrawing the criminal complaint

1

SCANNED
MAY 20 2004
U.S. DISTRICT COURT MPLS

against Marek. Marek at the time of the sexual assault used physical force and also threats to the job security of Rebecca Cwick's husband, Thomas Lee Cwick, in order to coerce Rebecca Cwick into the sex act. Marek also used threats of Thomas Lee Cwick's job security following the sexual assault in order to coerce Rebecca Cwick into not reporting the assault. Defendants upon receiving the report of the criminal sexual conduct charge filed in Phoenix, Arizona, immediately commenced a sexual harassment investigation but used the investigators to intimidate Thomas Lee Cwick and Rebecca Cwick into withdrawing the criminal complaint.. Defendants obstructed the Phoenix police investigation by instructing Marek through an interstate phone call from Minnesota to Arizona to leave Phoenix immediately before the police could question Marek. Defendant Life Time Fitness and FCA Construction Holdings in furtherance of the conspiracy to obstruct justice arranged and paid for the interstate flight transporting Marek from Phoenix back to Minneapolis so that Marek could avoid the Phoenix police investigation. Defendants Rowland, Marek, Loesch and Enger also in furtherance of the conspiracy used interstate telephone calls from Minnesota to individuals in Arizona to gather scandalous, embarrassing and humiliating information about Rebecca Cwick and Thomas Lee Cwick in order to further intimidate Plaintiffs into withdrawing the criminal complaint. Marek provided false information to the Phoenix Police Department by denying any sexual conduct with Rebecca Cwick in an effort to have the police investigation closed. Defendants Rowland, Marek, Life Time Fitness and FCA Construction Holdings terminated Plaintiff Thomas Lee Cwick the same day Rebecca Cwick filed the criminal sexual assault complaint and the same day Life Time Fitness commenced an investigation into the sexual harassment complaint reported by Thomas Lee Cwick to Rowland. The termination decision was made by Marek, the alleged perpetrator of the sexual assault, and was implemented prior to the completion of the Life Time Fitness sexual harassment investigation. Thomas Lee Cwick's termination was done both in furtherance of Defendants' conspiracy to intimidate Plaintiffs into withdrawing the criminal complaint and in retaliation for the criminal filing of the complaint against Marek.

4. The purpose and intent of Defendants through this illegal course of conduct was to enhance and protect its own revenues and income stream by squashing the criminal sexual assault investigation and criminal charge against Marek.

## VENUE ALLEGATIONS

5. Competent subject matter jurisdiction and venue exists, in whole and/or in part, pursuant to section 1964 (a), (b), (c), and section 1965 (a), (b), (d) of the Racketeer Influenced

2

and Corrupt Organizations Act of 1970 (hereinafter, "RICO"); pursuant to 28 United States Code section 1331 (federal question); pursuant to 28 United States Code section 1337 (regulation of commerce); and pursuant to 28 United States Code § 1391(b) (venue).

## *RICO PERSONS*
### *[RICO TITLE 18 UNITED STATES CODE ~ 1961 (3)]*

6. Plaintiffs Rebecca Cwick and Thomas Lee Cwick are and at all times material herein were citizens and residents of the States of Minnesota and Arizona. Plaintiffs are a "persons," as that term is defined pursuant to Section 1961(3) of RICO.

7. Plaintiffs allege that Life Time Fitness, Inc. is and at all times material herein, was, a corporation duly created and organized pursuant to the laws of the State of Minnesota, maintaining its principal place of business within the City of Eden Prairie, County of Hennepin, State of Minnesota. Life Time Fitness, Inc. is engaged in activities affecting federal interstate commerce. Life Time Fitness is a "person," as that term is defined pursuant to Section 1961(3) of RICO.

8. Plaintiffs allege that FCA Construction Holdings, LLC, is, and at all times material herein, was, a professional limited liability corporation duly created and organized under the laws of the State of Delaware, maintaining its principal place of business within the City of Eden Prairie, County of Hennepin, State of Minnesota, and is owned, operated, managed, and/or controlled by Life Time Fitness, Inc. by and through interlocking directorates and officers. Plaintiffs further allege that the conduct, activity, practices, commissions and/or omissions of FCA Construction Holdings, LLC, comprise and constitute a "person," as that term is defined pursuant to Section 1961(3) of RICO.

9. Plaintiffs allege that Defendant Jeff Marek at all times is and at all times material herein was a resident of the State of Wisconsin and is and was vice president of FCA Construction Holdings.

10. Plaintiffs allege that Defendant Steven Rowland is and at all times material herein was a resident of the State of Minnesota. Rowland is and at all time material herein was President of FCA Construction Holdings and an officer and director of Life Time Fitness.

11. Plaintiffs allege that Defendant Chuck Loesch at all times material herein was a resident of the State of Minnesota and an employee and/or independent contractor hired by Life Time Fitness and/or FCA Construction Holdings.

12. Plaintiffs allege that Defendant Don Enger at all times material herein was a

resident of the State of Minnesota and an employee and/or independent contractor hired by Life Time Fitness and/or FCA Construction Holdings.

## FACTUAL BACKGROUND

13. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 12 inclusive.

14. Plaintiff was hired by Defendant FCA Construction Holdings on January 17, 2000, as an assistant project manager at a salary of $55,000.00. Plaintiff's boss and immediate supervisor was Jeff Marek, Vice President of FCA Construction Holdings. As project manager, Plaintiff Thomas Lee Cwick was responsible for supervising the construction of new buildings and fitness centers constructed for Life Time Fitness.

15. Plaintiff Thomas Lee Cwick was an excellent employee for FCA Construction Holdings and received regular salary increases. Prior to his termination on February 19, 2003, Plaintiff Thomas Lee Cwick had almost doubled his original salary of $55,000.00 in just three years, was earning approximately $100,000.00 in salary, bonuses and benefits and had been promoted to project manager. Furthermore, Plaintiff Thomas Lee Cwick's only performance review on February 5, 2002, by Marek concluded that Plaintiff Thomas Lee Cwick regularly met or exceeded accepted standards for his project manager position.

16. In December, 2002, Plaintiff Thomas Lee Cwick's performance was so good that Life Time Fitness and/or FCA Construction Holdings asked Plaintiffs to relocate their residence in Phoenix, Arizona, to Minneapolis. Rowland offered to assist Plaintiffs find a home in Minnesota and approved an advance of $5,000.00 directly from FCA Construction Holdings towards the purchase of Plaintiffs' new home in Watertown, Minnesota. Plaintiffs closed on the new home on January 7, 2003. Life Time Fitness and/or FCA Construction Holdings also paid the entire costs of moving Plaintiffs from their home in Arizona to Minnesota.

17. Plaintiff Rebecca Cwick, in February, 2003, informed Plaintiff Thomas Lee Cwick that on July 18, 2002, Marek physically and violently forced her to perform oral sex on Marek. This sexual assault allegedly occurred at the Phoenician Resort, a hotel in Phoenix, Arizona, following a company dinner engagement. Marek allegedly during the sexual assault repeatedly threatened the security of Plaintiff Thomas Lee Cwick's job with FCA Construction Holdings in order to help force Rebecca Cwick's compliance. Following the sexual assault, Marek allegedly repeatedly threatened Rebecca Cwick to not report the assault to anyone and threatened the security of Thomas Lee Cwick's job if it were reported.

4

18. Plaintiff Rebeeca Cwick, on February 18, 2003, filed a criminal sexual assault complaint against Marek with the Phoneix Police Department. Plaintiff Thomas Lee Cwick also immediately informed Rowland of the sexual attack on his wife by Marek.

19. Life Time Fitness and FCA Construction Holdings has posted and disseminated to all employees a sexual harassment policy. This policy provides a written guarantee and protection for employees that Life Time Fitness will upon receipt of a report of sexual assault, investigate and resolve all complaints in a confidential, timely and thorough manner. It is also the written express policy of Life Time Fitness to be committed to providing a work environment that is free from disrespectful and offensive behavior. The Life Time Fitness policy communicated to employees also strictly prohibits harassment on the basis of an individual's protected activity (i.e. opposition to prohibited discrimination or participation in the statutory complaint process). Life Time Fitness further guarantees that harassment and discrimination prohibited by their policy will not be tolerated. The policy further provides that there will be absolutely no retaliation for reporting an incident of sexual assault:

> LIFE TIME FITNESS is committed to maintaining an environment in which people feel free to report all incidents of harassment or discrimination. LIFE TIME FITNESS encourages the reporting of all occurrences of harassment or discrimination under the procedures set forth in this policy. No retaliatory action will be taken against any person who reasonably and in good faith reports conduct which he or she believes may violate this policy. No retaliatory action will be taken against any individual who in good faith assists or participates in an investigation, proceeding, or hearing relating to a harassment or discrimination complaint. Any person who violates these provisions may be subject to discipline, up to and including termination of employment.

20. The Life Time Fitness sexual harassment policy also prohibits consenting sexual relationships between employees when there is a direct reporting relationship between them. Any employee acting in a supervisory capacity who has sexual activity with a subordinate employee must notify the company immediately or be subject to termination.

21. Life Time Fitness upon receipt of the Plaintiff's report of the sexual assault by Marek and pursuant to the aforementioned sexual harassment policy obtained two investigators, Chuck Loesch and Don Enger, to conduct an investigation into the sexual assault complaint. Rowland and the two discrimination investigators met with Thomas Lee Cwick on February 18,

2003, at 3:28 p.m. to take a formal statement from Thomas Lee Cwick. Thomas Lee Cwick during his taped statement immediately and repeatedly told Rowland and the investigators that he was uncomfortable meeting with the two investigators and Rowland without an attorney. Rowland and the investigators refused to let Thomas Lee Cwick leave and continued the conversation. Thomas Lee Cwick further stated that he did not want the conversation tape recorded and Loesch agreed to shut off the tape machine. Despite these statements of Thomas Lee Cwick and the agreement by Loesch to shut off the recorder, the interview continued with a second hidden tape recorder secretly running without the knowledge of Thomas Lee Cwick.

22. Thomas Lee Cwick informed Rowland, Loesch and Enger that a police complaint had been filed with the Phoenix Police Department against Marek. These Defendants in furtherance of their conspiracy to coerce Plaintiffs into withdrawing the criminal complaint used the sexual harassment investigation to intimidate Plaintiffs. Thomas Lee Cwick was asked to disclose felonies on his record. These Defendants informed Thomas Lee Cwick that he and his wife were required to take a polygraph test about the alleged criminal sexual conduct. Finally, these Defendants informed Thomas Lee Cwick that both Life Time Fitness and Marek would pursue every legal ramification and remedy against Plaintiffs to protect themselves from these charges, that the Defendants would fully investigate all inappropriate behavior of Plaintiffs before and up to the date of the sexual conduct incident and that all different types of investigative methods would be used by Defendants.

23. Rowland the two investigators finished the interview of Thomas Lee Cwick and immediately placed a taped interstate telephone call from Minneapolis to Marek at his motel in Phoenix, Arizona. These Defendants informed Marek that they just had a meeting with Thomas Lee Cwick and warned Marek that a police report had been filed in Phoenix stating Marek raped Rebecca Cwick. Loesch and Enger, the sexual harassment investigators, specifically told Marek that they were working for the company and for Marek's behalf.

24. Rowland, Loesch and Enger further interfered with and obstructed the Phoenix police investigation of the rape charge by instructing Marek to get out of Phoenix immediately and not talk to the police. Marek was told to pack immediately, get out of his hotel, not go back to the hotel, just hang out at the airport, and get an early flight. Marek is told to avoid and not cooperate with Phoenix law enforcement.

25. Rowland, Loesch and Enger further advised Marek that they had just tried to intimidate Thomas Lee Cwick and his wife from pursuing the rape charge any further. Marek is

told that if he didn't talk to the police for a while, it would give Life Time Fitness time to make the rape charge disappear because Plaintiffs had been warned that there was serious downside risk involved in pursuing the rape complaint and Plaintiffs had also been warned that they had put themselves in the position of serious civil liability.

26. Rowland, Loesch and Enger further informed Marek that Life Time Fitness had put some speed bumps in front of Plaintiffs to eliminate the rape charge.

27. Rowland, Loesch and Enger informed Marek that once the Phoenix police figured the complaint out, the police were going to laugh Rebecca Cwick off the planet and that her complaint was ridiculous.

28. Life Time Fitness and FCA Construction Holdings in furtherance of their conspiracy to obstruct justice made arrangements on February 18, 2003, to immediately fly Marek by airplane from Phoenix directly back to Minneapolis to avoid the Phoenix police investigation. Said Defendants also paid for the cost of the interstate flight.

29. Thomas Lee Cwick was terminated by FCA Construction Holdings on February 18, 2003, following the Defendants' telephone call to Marek. The termination decision was made on the same day that Rebecca Cwick filed a criminal complaint against Marek with the Phoenix Police Department. The termination decision was also made prior to the completion of the sexual assault investigation being conducted by Life Time Fitness.

30. The next day, Rowland, Marek, Loesch and Enger who were all in Minnesota placed a taped interstate telephone call on February 19, 2004, to Scott Hampel in Arizona. Hampel was contacted in furtherance of Defendants' conspiracy to intimidate Thomas Lee Cwick and Rebecca Cwick in order to protect Marek from the rape charge. Defendants gathered from Hample personal information about both Thomas Lee Cwick and Rebecca Cwick the purpose of which was to use to intimidate and embarrass both the rape victim and her husband to get the rape charge withdrawn. Hample was directly asked to describe in detail numerous sexual incidents that occurred in the past involving Rebecca Cwick and Thomas Lee Cwick. Defendants asked Hample whether the Cwicks ever used drugs, whether Thomas Lee Cwick ever accepted any bribes or kickbacks from Life Time Fitness contractors, whether Thomas Lee Cwick purchased any expensive gifts or new toys or watches, whether Plaintiffs had committed insurance fraud, whether Rebecca Cwick had a sexual affair with any other men and whether Thomas Lee Cwick had any warrants for his arrest.

31. Rowland, Marek, Loesch and Enger next immediately placed a taped interstate

7

phone call from Minnesota to Arizona to talk with Jake Bowen at 12:00 p.m. on February 19, 2003. Bowen was contacted in furtherance of the conspiracy to obtain information to intimidate Plaintiffs from pursuing the rape charge. Bowen was told by Defendants that Rebecca Cwick's rape allegations against Marek were real dirty, down, guttural, vicious thing to say about anybody and that the charges were false. Bowen is further told that Plaintiffs were morally revolting. Bowen was never told his phone conversation was being taped nor did he give Defendants permission to tape it. Rowland in order to get Bowen to tell incriminating information about Plaintiffs advised Bowen that this information would not go anywhere. Defendants questioned Bowen about any incidents reflecting on the morality of Plaintiffs, the private sexual activity of Becky Cwick, the drug use of the Cwicks, the manner in which the Cwicks treated their children, whether Becky Cwick had tried to have sex with other people, whether the Cwicks committed insurance fraud, whether Thomas Lee Cwick received any illegal kickbacks from subcontractors, whether Thomas Lee Cwick ever took shortcuts involving the ethics of Life Time Fitness to describe the personal sexual arrangements between the Cwicks, and whether Thomas Lee Cwick had sexual affairs with any women. Even though Thomas Lee Cwick had already been terminated, Defendants stated that anything about Cwick's behavior at his job would help the rape charge go away. Life Time Fitness subsequently tried to bribe Bowen into cooperating with Defendants by offering Bowen a good job reference and also by offering him employment with the company.

  32. The Phoenix police department on March 21, 2003, contacted Marek to obtain a statement from him about the sexual conduct allegation. Marek told the police detective that he fired Thomas Lee Cwick on February 18, 2003, because of drug issues and bad work performance. Marek in two separate statements to the police provided false information to the investigator by denying any sexual activity with Rebecca Cwick on the evening of July 18, 2002, at the Phoenician Resort in Phoenix. Marek further tried to discourage the police investigator by telling the detective that Rebecca Cwick was wild and both Plaintiffs had an unusual lifestyle.

  33. Defendants through the foregoing actions did in fact coerce and intimidate Rebecca Cwick into not pursuing the criminal assault charge against Marek.

  34. Defendants Life Time Fitness and FCA Construction Holdings financially benefited from the actions taken by Rowland, Marek, Loesch and Enger to obstruct justice and to intimidate Plaintiffs into withdrawing the criminal sexual conduct complaint against Marek. Life Time Fitness and FCA Construction Holdings would have damaged its reputation and thereby

8

lost revenues if its Vice President was charged and convicted of a sexual assault against the wife of an employee. Furthermore, the efforts of Life Time Fitness and FCA Construction Holdings to raise substantial funds through its planned public stock offering also would have been negatively effected. Defendants Rowland, Marek, Loesch and Enger also personally benefited financially from their actions taken to obstruct justice and to intimidate Plaintiffs into withdrawing the criminal sexual conduct complaint against Marek.

35. Plaintiff is alleging that these actions of Defendants were done deliberately with total disregard to the rights of a victim of a sexual assault and the safety of the public in general.

## FIRST CAUSE OF ACTION FOR VIOLATION OF RICO, 18 U.S.C. § 1962 (C) OPERATION OF ENTERPRISE THROUGH RACKETEERING ACTIVITY AGAINST ALL DEFENDANTS

36. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 35, inclusive.

37. Plaintiffs allege that defendants were employed by and associated with each other, and engaged in conduct that constitutes a RICO pattern of racketeering activity. Plaintiffs allege that each of the following configurations constitute a RICO "enterprise," as that term is defined pursuant to 18 U.S.C. §1961(4):

a) <u>RICO Enterprise No. 1</u>: Life Time Fitness, Inc., is a RICO enterprise. Plaintiffs allege that RICO persons Rowland, Marek, Loesch and Enger are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, interstate or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

b) <u>RICO Enterprise No. 2</u>: FCA Construction Holdings is a RICO enterprise. Plaintiffs allege that RICO persons Rowland, Marek, Loesch and Enger are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, interstate or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

38. Defendants engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961 (1) by engaging in the acts set forth above, aiding and abetting the commission of the foregoing acts, and/or conspiring to commit the foregoing acts, in violation of the following

laws:

    a)    Bribery chargeable under state law and punishable by imprisonment for more than one year. The underlying state statutes are (1) Minnesota M.S.A. 609.27, Coercion; (2) Minnesota M.S.A. 609.498, Tampering with a witness; (3) Minnesota M.S.A. 609.495, Aiding an offender; (4) Arizona Criminal Code 13-2409, Obstructing Criminal Investigations or Prosecutions; (5) Arizona Criminal Code 13-2512, Hindering prosecution in the first degree.

    b)    Extortion chargeable under state law and punishable by imprisonment for more than one year. The underlying state statutes are: (1) Minnesota M.S.A. 609.27, Coercion; (2) Minnesota M.S.A. 609.498, Tampering with a witness; (3) Minnesota M.S.A. 609.495, Aiding an offender; (4) Arizona Criminal Code 13-2409, Obstructing Criminal Investigations or Prosecutions; (5) Arizona Criminal Code 13-2512, Hindering prosecution in the first degree.

    c)    18 U.S.C. § 1952 Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises.

39.    Plaintiffs allege that the aforementioned activities and/or conduct engaged in by defendants constituted a "pattern of racketeering activity," as that term is defined in 18 U.S.C. § 1961(5).

40.    Plaintiffs have sustained damages and/or injuries to their interests in business and/or property as a result of defendants' activities and/or conduct, in an amount according to proof Plaintiffs are entitled to recover compensatory damages, said sum to be trebled, in an amount according to proof Plaintiffs are also entitled to recover an award of exemplary and punitive damages. Plaintiffs are entitled to recover attorneys' fees, costs, and prejudgment interest.

## SECOND CAUSE OF ACTION FOR VIOLATION OF RICO, ARIZONA STATUTE SECTION 13-2314.04.

41.    Plaintiffs incorporate in this Cause of Action the allegations contained in paragraphs 1 through 35, inclusive.

42.    Defendants engaged in unlawful activity within the meaning of Arizona Statute 13-2301 (D) Subd. 4 by engaging in the acts set forth above, aiding and abetting the commission of the foregoing acts, and/or conspiring to commit the foregoing acts for financial gain, in violation of the following laws:

      a.    Bribery

      b.    Extortion

      c.    Obstructing or hindering criminal investigations or prosecutions.

43.    Plaintiffs allege that the aforementioned activities and/or conduct engaged in by Defendants constituted a pattern of unlawful activities as defined in Arizona Statutes 13-2314.04.

44.    Plaintiffs have sustained damages and/or injuries to their person, business or property as a result of Defendants' activities and/or conduct in an amount according to proof Plaintiffs are entitled to recover compensatory damages, said sum to be trebled, in an amount according to proof Plaintiffs are also entitled to recover an award of exemplary and punitive damages. Plaintiffs are entitled to recover attorneys' fees, costs, and prejudgment interest.

### THIRD CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C.S 1985, CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

45.    Plaintiff, Rebecca Cwick, incorporates in this cause of action the allegations contained in paragraphs 1 through 44, inclusive.

46.    Life Time Fitness and FCA Construction Holdings maintain an environment that is discriminatory against women as a class and that discourages the reporting of sexual assaults against women by its employees.

47.    Plaintiff, Rebecca Cwick, alleges that the foregoing acts of Defendants constituted a conspiracy to deprive her of equal protection and privileges under the laws of the United States, Arizona and Minnesota in violation of 42 USCS 1985.

48.    Plaintiff, Rebecca Cwick, further alleges that the foregoing acts further constitute an ongoing pattern of Defendants to discriminate against women as a class.

49.    Plaintiff, Rebecca Cwick, has sustained damages to her person, business and property as a result of Defendants' activities and/or conduct, in an amount according to proof.

### REQUEST FOR JURY TRIAL

Plaintiffs demand trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment on all causes of action against Defendants as follows:

1.    For a declaration of the rights and liabilities of the parties;

2.    For an order pursuant to 18 U.S.C. § 1964 (a) immediately dissolving the aforementioned RICO enterprises inasmuch as said enterprises are mere subterfuges and alter

ego vehicles for the aforementioned defendants to engage in corrupt, and illegal conduct, as alleged herein;

3.  For an order pursuant to 18 U.S.C. § 1964 (a) commanding the immediate and permanent expulsion of all RICO defendants from further participatory management, direction, and control of the identified RICO enterprises;

4.  For compensatory damages, said sum to be trebled pursuant to 18 U.S.C. §1964(c);

6.  For punitive and exemplary damages according to proof

7.  For prejudgment and post-judgment interest;

8.  For reasonable attorney's fees pursuant to 18 U.S.C. § 1964 (c);

9.  For costs of suit incurred herein;

10. For such other and further relief as the court may deem proper.

DATED: *May 20*, 2004

Respectfully submitted,

*James L Berg*
James L. Berg (#0139105)
Attorney for Plaintiffs
1059 Stoughton Avenue
P. O. Box 85
Chaska, MN  55318
(952) 448-2200

12