UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rebecca Cwick and Thomas Lee Cwick,                       Civil No. 04-2731 (PAM/RLE)

Plaintiffs,

v.                                                        **MEMORANDUM AND ORDER**

Life Time Fitness, Inc. a Minnesota
Corporation; FCA Construction Holdings,
LLC, a Delaware Limited Liability
Company; Jeff Marek; Steve Rowland;
Chuck Loesch; and Don Enger,

Defendants.

This matter is before the Court on Defendants' Motion to Dismiss and Defendants'

Motion to Strike.  For the following reasons, the Motion to Dismiss is granted and the Motion

to Strike is denied as moot.

**BACKGROUND**

Plaintiffs Rebecca Cwick and Thomas Cwick are married.  Defendants are Life Time

Fitness, Inc. and FCA Construction Holdings, LLC ("FCA"), a wholly owned subsidiary of Life

Time Fitness, Inc. (collectively, "Life Time"); Jeff Marek, Vice President of FCA; Steve

Rowland, President of FCA and officer and director of Life Time; and Chuck Loesch and Don

Enger, independent contractors/employees of Life Time.  Thomas Cwick was hired by Life

Time in January 2000 in Phoenix as an assistant project manager.  As assistant project

manager, Mr. Cwick supervised the construction of new buildings and fitness centers for Life

Time.  Mr. Cwick had positive performance reviews and received regular pay increases.  In

December 2002, Mr. Cwick was relocated to Minneapolis, and on January 7, 2003, he and his

wife moved here.

The Complaint alleges that Mrs. Cwick was sexually harassed by Defendant Jeff Marek in July of 2002. Particularly, the Complaint alleges that Marek physically and violently forced Mrs. Cwick to perform oral sex on Marek on July 18, 2002. It further alleges that Marek continually threatened her with the security of her husband's job in an effort to compel her to perform and to keep quiet about the incident. On February 18, 2003, eight months later, Mrs. Cwick filed a criminal sexual assault complaint with the Phoenix police against Marek.

Life Time retained two investigators, Defendants Chuck Loesch and Don Enger, to conduct an investigation into Mrs. Cwick's sexual assault claim. Loesch, Enger and Defendant Steve Rowland met with Mr. Cwick on February 18, 2003, to take a formal statement. Mr. Cwick allegedly requested to have an attorney present and also requested that the conversation not be tape recorded, but the conversation nonetheless proceeded. Mr. Cwick was allegedly told that he and his wife needed to take a polygraph test, that Mr. Cwick needed to disclose all prior felonies on his record, and that Life Time would "pursue every legal ramification and remedy" against the Cwicks in an effort to defend against these criminal charges. Loesch, Enger and Rowland then allegedly contacted Marek and told him to leave the Phoenix area and to not talk to police in the event the police tried to contact him. Plaintiffs allege that Life Time paid for Marek to immediately leave Phoenix prior to the completion of the sexual assault investigation. On February 18, 2003, the same day that Mrs. Cwick filed her complaint with the Phoenix police and the same day that her husband spoke with the Defendants, Mr. Cwick was terminated from Life Time.

On February 19, 2004, all of the individual Defendants allegedly made interstate phone calls to Scott Hampel and Jake Bowen seeking information about Plaintiffs.   Plaintiffs allege that these phone calls were made in furtherance of a conspiracy to intimidate Plaintiffs and to protect Marek from the criminal assault charge.   The individual Defendants allegedly sought information regarding Mrs. Cwick's sexual propensities, as well as other information adverse to Plaintiffs.   Plaintiffs claim that the individual Defendants sought this information in an effort to intimidate the Cwicks.   As a result of this alleged intimidation, Plaintiffs maintain that Mrs. Cwick abandoned her criminal sexual assault complaint against Marek.

In the Complaint, Plaintiffs allege that Defendants' actions constituted a (1) violation of Racketeer and Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (2) violation of Arizona's RICO statute § 13-2314.04; and (3) conspiracy to interfere with civil rights, 42 U.S.C. § 1985.   Defendants have filed this Motion to Dismiss all of Plaintiffs' claims pursuant to Rule 12(b)(6).

**DISCUSSION**

**A.    Standard of Review**

For the purposes of the Motion to Dismiss, the Court takes all facts alleged in the Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiff.   Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).   A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief."   Id.; see also Conley v. Gibson, 355 U.S. 41,

45-46 (1957).

## B.      Federal RICO Act, 18 U.S.C. § 1962

To state a claim under federal RICO Act, Plaintiffs must plead that Defendants violated

RICO and that they were injured as a result of the violation. 18 U.S.C. § 1964(c). Plaintiffs

assert a violation of 18 U.S.C. § 1962(c):

> It shall be unlawful for any person employed by or associated with any
> enterprise engaged in, or the activities of which affect, interstate or foreign
> commerce, to conduct or participate, directly or indirectly, in the conduct of
> such enterprise's affairs through a pattern of racketeering activity or collection
> of unlawful debt.

Plaintiffs assert that Defendants committed predicate acts of extortion and bribery in violation

of Minnesota and Arizona state law, and a violation of the Travel Act, 18 U.S.C. § 1952.

(Compl. ¶ 38.)   Defendants contend that Plaintiffs' federal RICO claim is deficient in multiple

respects: (1) Plaintiffs fail to allege a "pattern" of racketeering activity; (2) Plaintiffs fail to

allege the existence of separate RICO persons and RICO enterprises; (3) Plaintiffs fail to

establish that they suffered an injury which is cognizable under RICO; and (4) Plaintiffs fail

to show that their injuries were caused by Defendants' alleged racketeering activities.

    1.       <u>Pattern</u>

18 U.S.C. § 1961(5) defines a "pattern of racketeering activity" as "at least two acts of racketeering activity." Plaintiffs must also allege that the racketeering acts are both related and amount to or pose a threat of continued criminal activity. <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 239 (1989). Continuity must be alleged by either a closed period of repeated conduct, or by past conduct that by its nature projects into the future with a threat of repetition. <u>Id.</u> at 241-42. Defendants contend that Plaintiffs' allegations fail to satisfy either continuity test.

    a.       <u>Closed Period of Repeated Conduct</u>

Taking the allegations as true, the Complaint alleges that the predicate acts began in July 2002 with the alleged sexual act. From February 18, 2003, to March 21, 2003, the Complaint alleges that Defendants intimidated Plaintiffs and that as a result, Mrs. Cwick stopped pursuing her criminal sexual assault complaint against Marek.

As a matter of law, these acts are insufficient to constitute a close period of repeated conduct. First, even assuming that July 2002 triggers the racketeering period, nine months is not a "substantial" period of time. <u>See</u> <u>Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.</u>, 986 F. 2d 1208, 1215-16 (8th Cir. 1993) (discussing various circuit case law and determining that activity lasting between ten and eleven months insubstantial). Moreover, Plaintiffs' allegations are insufficient to demonstrate that Defendants are in the business of engaging in long-term criminal conduct. <u>See</u> <u>H.J.</u>, 492 U.S. at 242-43.

b.     Open-Ended Period of Conduct

Plaintiffs' allegations likewise fail to demonstrate that Defendants' conduct between July 2002 and March 2003 by its nature projects into the future with a threat of repetition. See id. at 241-42.     Plaintiffs' Complaint lacks any allegation that Defendants' conduct will continue indefinitely into the future.     Plaintiffs assert that the "crimes" committed by Defendants continue to the present time, because Defendants continue to obstruct the prosecution of the alleged sexual assault crime by refusing to contact police and have the investigation reopened.     (Pls.' Mem. at 11.)     However, Plaintiffs fail to acknowledge that the Phoenix police report indicates that Mrs. Cwick's failure to cooperate with police likewise frustrated the investigation.     Although Mrs. Cwick claims that she kept quiet to protect her husband's job, Mr. Cwick was terminated on February 23, 2003, and therefore any threat relating to his employment was no longer viable after that time.     Furthermore, any argument that Mrs. Cwick feels too intimidated to reopen the investigation at the present time fails, as she is clearly not afraid to pursue this legal action.

Plaintiffs further allege in their brief that Life Time has a practice of sexually harassing and assaulting women and thus Defendants' actions undoubtedly demonstrate the threat of repetition.     First, there is no comparative factual allegation like this in the Complaint.     Second, sexual harassment and criminal sexual assault are not predicate acts under RICO, so this argument fails.

Construing the allegations of the Complaint in the light most favorable to Plaintiffs, as the Court must on a Motion to Dismiss, Plaintiffs fail to sufficiently allege a "pattern" of

racketeering activity as required to state a claim under RICO.  See H.J., 492 U.S. at 241-42.

Thus, Plaintiffs' federal RICO claim fails.

## C.    42 U.S.C. § 1985

Plaintiffs also allege that Defendants conspired to violate Mrs. Cwick's civil rights.

Although the Complaint does not specifically enumerate which subsection of § 1985 that

Defendants allegedly violated, it appears that Plaintiffs allege a violation of § 1985(3).

Because it is not clear whether Plaintiffs assert a violation of the "deprivation" clause or the

"prevention" clause of § 1985(3), the Court will address both.

Under the "deprivation" clause, Plaintiffs must allege four elements: (1) a conspiracy;

(2) for the purposes of depriving, either directly or indirectly, any person or class of persons

of the equal protection of the laws, or of equal privileges and immunities of the laws; (3) an

act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or

property or deprived of any right or privilege of a United States citizen.  D.W. v. Radisson

Plaza Hotel Rochester, 958 F. Supp. 1368, 1376 (D. Minn. 1997) (Magnuson, J.).  Because

Plaintiffs allege that Defendants engaged in a private conspiracy, Plaintiffs must allege that

Defendants acted with class-based discriminatory animus and "that the conspiracy aimed at

interfering with rights that are protected against private, as well as official, encroachment."

Federer v. Gebhardt, 363 F.3d 754, 758 (8th Cir. 2004).

In the Complaint, Plaintiffs allege that "Life Time and FCA maintain an environment that

is discriminatory against women as a class and discourages the reporting of sexual assaults

against women by its employees," and that Defendants' conspired to deprive Mrs. Cwick of her

equal protection and privileges under the law.   (Compl. ¶¶ 46-47.)   First, there are no factual assertions in the Complaint to support an allegation that Life Time maintains an environment that is discriminatory against women.   Second, and most importantly, §1985(3) requires that the alleged discriminatory animus focus on women because of their sex.   Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269 (1993).   The allegations in this Complaint, and the lack of facts to support them, simply do not constitute a discriminatory animus towards women.   Rather, Plaintiffs allege that Defendants' actions were motivated by Mrs. Cwick's decision to file a police report alleging that Marek had assaulted her, which is a characteristic personal to Mrs. Cwick.   Finally, Plaintiffs' allegations do not allege a deprivation of a constitutional right.   Although Plaintiffs contend that Defendants' actions deprived her of equal protection and privileges under the laws, the only private rights encompassed by § 1985(3) are two Thirteenth Amendment rights: the right to be free from involuntary servitude and the right of interstate travel. D.W., 958 F. Supp. at 1376.

Alternatively, Plaintiffs' claim fails to allege a violation of the "prevention" clause of § 1985(3).   Plaintiffs must allege a conspiracy to hinder or impede law enforcement officials from giving or securing equal protection of the laws. Id. at 1377.   The alleged conspiracy must either involve or affect the state. Id.   In this case, the prevention or hindrance alleged is based on the assertions that Defendants intimidated and threatened Plaintiffs so that Plaintiffs would drop the criminal charges.   Plaintiffs' allegations contend that the effect of Defendants' actions hinder the investigation of law enforcement officials, but as Defendants point out, "the purpose, not merely the effect, of the conspiracy, must be to impede state officials in their

8

efforts to secure equal protection of the laws." Libertad v. Welch, 53 F.3d 428, 350 (1st Cir. 1995).   The broadest reading of the Complaint does not support a claim that Defendants engaged in a conspiracy that had the purpose to impede state officials in their efforts to secure equal protection of the laws.   Rather, it asserts that Defendants engaged in a conspiracy to prevent Mrs. Cwick from pursuing her criminal complaint.   As a matter of law, these allegations are insufficient to state a claim under 42 U.S.C. § 1985(3).

**D.      Arizona RICO Claim**

Plaintiffs further allege a violation of Arizona state RICO laws.   Because the Court finds that Plaintiffs' Complaint fails to state a claim under the federal RICO Act and § 1985(3), the Court declines to exercise pendent jurisdiction over these Arizona state law claims.   See 28 U.S.C. § 1332; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).   These claims are likewise dismissed.

**CONCLUSION**

The Court finds that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.   However, the Court notes that the egregious nature of the allegations in the Complaint may give rise to other causes of action.   However, a federal RICO claim and a § 1985(3) claim are inappropriate.   Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendants' Motion to Dismiss (Clerk Doc. No. 2) is **GRANTED**;

2.      Plaintiffs' Complaint is **DISMISSED without prejudice**; and

3.    Defendants' Motion to Strike (Clerk Doc. No. 20) is **DENIED** as **moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   September 2, 2004

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge